[Crim. No. 794. Third Appellate District.—September 24, 1924.]

THE PEOPLE, Respondent, v. POO ON, Appellant.

[1] CRIMINAL LAW — PRACTICING MEDICINE WITHOUT LICENSE — EVIDENCE—APPEAL.—In this prosecution for the offense of practicing medicine without a license of which defendant was convicted, the contention that the evidence does not show that the defendant was engaged in the practice of medicine but only that he was engaged in the sale of herbs cannot be sustained.

(1) 30 Cyc., p. 1568.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. J. Maddux for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the offense of practicing medicine without a license. This appeal is from the judgment of conviction and the order denying his motion for a new trial. The cause is submitted on the appellant's opening brief.

[1] The ground urged for a reversal is that the evidence does not show that the defendant was engaged in the practice of medicine but only that he was engaged in the sale of herbs. Several persons who had been treated by the defendant for various ailments testified for the prosecution. The following excerpts from the testimony of the first witness examined shows the character of proof presented. "Q. Whom did you see when you went to the office of Poo On? A. Dr. Poo On, himself, and the office girl. . . . Q. Just what was said, now, as near as you can recall? A. Well, I don't know as I could repeat all that was said. I visited him in regard to medi-

1. See 20 Cal. Jur. 1065; 21 R. C. L. 368.

cal treatment. I don't know as you would call it medical treatment in the way he treats, but I went for the purpose of getting his herbs. . . . Q. Now, how did you arrive at what kind of medicine you were to get or what herbs you were to get? A. Well, I don't know as I know what kind of herbs I got. I got the herbs that he gave me just through stating my case to him. Through stating my case to him, why, he gave me herbs, . . . I stated my case. . . . And he answered the questions back; that is, he told me what he thought. Q. And did he ask you after you had stated your case, then, with reference to any particular symptoms of trouble or disease? A. Yes. . . . Q. And then after that, did he state with reference to what particular disease you were afflicted with? A. I think he did name in a way what he thought was ailing me. Q. What did he say? A. He said he thought it was gastric trouble, and to my knowledge I think that was the only thing he did state. . . . Q. Well now, when you went to him, did you ask him for a particular brand of herbs? A. I did not. Q. Or medicine? A. I did not. Q. Who determined what kind of medicine that you should take? A. He did. I didn't know what I was to take until I got it.'' The witness further testified that on the first visit she paid the defendant fifteen dollars; on the second six dollars, and on the third eight dollars. Other witnesses gave similar testimony.

Counsel for appellant has not pointed out wherein the defendant's practice differs, in legal effect, from that of duly licensed physicians and the court is unable to discover any difference.

The judgment and the order are affirmed.

Plummer, J., and Hart, J., concurred.